FILED: 7/7/2023 9:18 AM
Vermont Superior Court
Windsor Unit
23-CV-02906

STATE OF VERMONT

USDC - DVT
2:23-cv-279

SUPERIOR COURT
WINDSOR UNIT

CIVIL DIVISION
DOCKET NO.:

RONALD E. BATES and SUE A. BATES,
    Plaintiffs

v.

TOWN OF CAVENDISH, VERMONT,
    Defendant

## COMPLAINT

RONALD E. BATES and SUE A. BATES, through their attorneys, Parker & Ankuda, P.C., complain against the Town of Cavendish, Vermont as follows:

### NATURE OF THE CLAIMS

1.    Mr. Bates files this action for damages to recover for his personal injuries suffered at the hands of an employee of the Town of Cavendish, and to vindicate his right to be free from municipal employees misusing governmental powers for the municipality's own benefit, including financial benefit, by denying Mr. Bates access to public property without due process.

2.    Mrs. Bates files this action seeking to recover for loss of consortium-type damages suffered as a result of the actions of the Defendant, Town of Cavendish, and its agents.

3.    Mr. Bates and Mrs. Bates are over thirty year residents of the Town of Cavendish, paying property taxes, voting in local elections, and engaging in public discourse regarding the actions and inactions of government officials, from municipal mismanagement and budgeting, through state and federal elections.

4.      Mr. Bates, at least weekly, and often on more occasions, would recycle and dispose of his household waste at the Cavendish Transfer Station, which is normally open on Wednesdays, Saturdays and Sundays, except for holidays.  A fee is charged for the disposal of some waste.

5.      The Cavendish Transfer Station is owned and operated by the Town of Cavendish and staffed by employees of the Town of Cavendish.  The Town of Cavendish is the master, and its employees and other volunteers providing services at the Transfer Station to facilitate the disposal of waste and recyclables are the servants and agents under the control of the Town of Cavendish.

6.      The Cavendish Transfer Station is the one place, other than at the annual town meeting, where citizens assemble to not only dispose of their waste, but to discuss current events, sign and circulate petitions for elective offices, and seeking redress on governmental issues, exercise their free speech rights to state their opinions on political issues, and learn about other political issues, in order to be an informed electorate, and keep in contact with their friends and neighbors on a regular, weekly basis.

7.      The Cavendish Transfer Station is a traditional public forum, and not only in Cavendish, but in most rural towns, the waste transfer stations are frequently the location of campaigns not only for town elections, but also for, county, state and national elections.

8.      Mr. Bates' date of birth is October 30, 1951, and at all times material hereto, Mr. Bates has suffered from decreased hearing, the need for bifocals, the need for hearing aids without being able to afford them, poor memory, and a long history of hip deficiencies.

9.     On or about July 15, 2020, at approximately 4:00 p.m., Mr. Bates was visiting the Cavendish Town Transfer Station to dispose of some waste and approached the attendant, Mr. John Pisciotta, an employee of the Town of Cavendish, with some questions. Due to Mr. Bates' difficulty in hearing and inability to afford a hearing aid, Mr. Bates climbed up approximately four steps to the area where the attendant was located. The attendant, Mr. Pisciotta, made some comment to Mr. Bates, which was not understood. As Mr. Bates turned to leave to go down the steps, he was pushed down, falling approximately four steps, landing on his knees and elbows, hitting his head, suffering immediate lateral knee pain, right wrist pain, head lacerations and injury to his eye. Mr. Bates was taken by ambulance to Springfield Hospital, treated there, and required further treatment. The push by the Cavendish Town employee of Mr. Bates while on the stairs was the direct and proximate cause of injury to Mr. Bates, and he suffered immediate physical injury, harm, pain and suffering.

10 .     Shortly after his injury, Mr. Bates spoke to the then Municipal Manager and complained about the treatment he suffered at the Cavendish Transfer Station at the hands of Town employees.

11.     On or about July 30, 2020, Mr. Bates received via certified mail a "NOTICE AGAINST TRESPASS" specifically notifying Mr. Bates, that "YOU ARE HEREBY PROHIBITED FROM ENTERING UPON OR IN ANY LAND, OR STRUCTURE OF PROPERTY BEING OWNED OR UNDER THE DIRECT CARE AND CONTROL OF THE TOWN OF CAVENDISH", INCLUDING BUT NOT LIMITED TO, (TRANSFER STATION, TOWN OFFICE, HIGHWAY GARAGE,)" and further that "ANY TRESPASSING IN VIOLATION OF THIS NOTICE IS A CRIME…." (SIC). Such notice was signed by the Cavendish Municipal Manager, a copy of which is attached as Exhibit A.

12.     Since July 15, 2020, Mr. Bates has continued to suffer pain, medical treatment, medical bills, permanent disability, hip and knee replacement surgery, and in addition, refrained from assembling with his neighbors and friends at Town property as directed by the Notice Against Trespass, refrained from voting in person with his fellow citizens at town offices, and unable to participate in the free exchange of ideas, and free speech, as protected by the Constitution of the United States and State of Vermont, not been able to assemble as protected by the Constitution of the United States and the Vermont Constitution. Further, the Town of Cavendish has created a significant barrier to Mr. Bates exercising his right to vote as protected by the United States Constitution and the Vermont Constitution.

## PARTIES

A.     Plaintiffs

13.     Ronald E. Bates and Sue A. Bates have been and continue to be residents of Cavendish, Windsor County.

B.     Defendant

14.     The Defendant, Town of Cavendish, is a municipality located in Windsor County in the State of Vermont.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this dispute pursuant to 4 V.S.A. § 31.

16.     The venue is proper in this territorial unit of the Court under 12 V.S.A. § 402(a).

17.     This Court has personal jurisdiction over Defendant because the Town of Cavendish is located in Windsor County, and the events that give rise to this action occurred within Windsor County.

<u>CAUSES OF ACTION RELATED TO THE PHYSICAL INJURY OF MR. BATES AT THE</u>

<u>CAVENDISH TRANSFER STATION</u>

**Count 1 – Principal/Agent – Negligence.**

18.    Paragraphs 1 through 17 are incorporated by reference as if set forth at length here.

19.    At all times, and during all events relevant to this action, Mr. Pisciotta and the Cavendish Town Manager were employees of the Town of Cavendish, Vermont.

20.    On July 15, 2020, Mr. Pisciotta acted negligently in interacting with Mr. Bates, based upon Mr. Pisciotta's previous observations of Mr. Bates, along with Mr. Bates' clearly observable mobility issues, hearing deficits, and memory issues. Mr. Pisciotta was negligent in his efforts to repel or prevent Mr. Bates from approaching him, and as a direct and proximate result of such negligence, Mr. Bates was pushed, fell down four stairs, and suffered immediate and permanent injury.

21.    The Town of Cavendish is directly responsible as the master and principal of Mr. Pisciotta for all actions undertaken by Mr. Pisciotta, the Town of Cavendish's servant and agent, which harmed Mr. Bates.

**Count 2 – Principal/Agent – Battery.**

22.    Paragraphs 1 through 21 are incorporated by reference as if set forth at length here.

23.    At all times relevant during the interactions between Mr. Bates and Mr. Pisciotta on July 15, 2020, Mr. Pisciotta was the agent and servant of the Town of Cavendish.

24.    Mr. Pisciotta, on July 15, 2020, intentionally contacted Mr. Bates which resulted in Mr. Bates falling and suffering immediate and permanent injury. Such contact was not consented to or privileged.

25.    Such contact by Mr. Pisciotta of Mr. Bates constitutes a battery for which the Town of Cavendish is responsible as the principal and master over Mr. Pisciotta.

**Count 3 – Negligence – Hiring.**

26.    Paragraphs 1 through 25 are incorporated by reference as if set forth at length here.

27.    The Town of Cavendish had a duty to act in a non-negligent manner in hiring staff to interact with citizens in disposing of their waste and recyclables at the Cavendish Town Transfer Station.

28.    The Town of Cavendish was negligent in hiring Mr. Pisciotta, and failed to inquire of references of Mr. Pisciotta, or conduct sufficient interviews to be reasonably assured that Mr. Pisciotta had the disposition to deal with the many types of individuals with whom he would come in contact with while working as an attendant at the Cavendish Transfer Station.

29.    As a direct result of the negligence of the Town of Cavendish in hiring Mr. Pisciotta, Mr. Bates suffered direct personal injury and damages for which the Town of Cavendish is responsible as the principal and master over Mr. Pisciotta.

**Count 4 – Negligent Training.**

30.    Paragraphs 1 through 29 are incorporated by reference as if set forth at length here.

31.     The Town of Cavendish had a duty to act in a non-negligent manner in training staff to interact with citizens in disposing of their waste and recyclables at the Cavendish Transfer Station.

32.     The Town of Cavendish was negligent in failing to properly train its agents, including Mr. Pisciotta, as to the proper way to interact with individuals at the Transfer Station, many of whom suffer from various disabilities, including deficient mobility, hearing, and memory.

33.     As a direct result of the negligence of the Town of Cavendish in not properly training Mr. Pisciotta, Mr. Bates suffered direct personal injury and damages for which the Town of Cavendish is responsible as the principal and master over Mr. Pisciotta.

**Count 5 – Negligent Supervision.**

34.     Paragraphs 1 through 33 are incorporated by reference as if set forth at length here.

35.     The Town of Cavendish had a duty to act in a non-negligent manner in properly supervising its employees and volunteers when they interact with citizens disposing of their waste and recyclables at the Cavendish Transfer Station.

36.     The Town of Cavendish was negligent in failing to properly supervise its agents, including Mr. Pisciotta, as to the proper way to interact with individuals at the Transfer Station, many of whom suffer from various disabilities, including limited mobility, hearing, and memory. Had the Town of Cavendish properly supervised Mr. Pisciotta in his interactions with the public at the Transfer Station, the Town of Cavendish would have observed his inabilities to reasonably control his actions, and act rationally, and carefully, with due consideration of the deficits members of the public may have, when attempting to dispose of their waste and recyclables.

37.    As a direct result of the negligence of the Town of Cavendish in the supervision of Mr. Pisciotta, Mr. Bates suffered direct, personal injury and damages for which the Town of Cavendish is responsible as the principal and master over Mr. Pisciotta.

**Count 6 – Loss of Consortium**

38.    Paragraphs 1 through 37 are incorporated by reference as if set forth at length here.

39.    Sue A. Bates is the longtime wife of Ronald E. Bates and resides with Mr. Bates and provides care for him in addition to her full time job providing care for elderly patients at a nearby nursing home facility.

40.    As a result of the injuries suffered by Mr. Bates due to the negligent and intentional harms suffered by Mr. Bates by the Town of Cavendish and its employees and agents, Mrs. Bates has suffered consortium-type damages for which the Town of Cavendish is responsible.

<u>NATURE OF ALLIGATIONS  INVOLVING</u>

**Constitutional Claims Related to Prohibition of Mr. Bates Entering Upon Any Town Property Under Threat of Criminal Penalties**

A.    **Overbroad Notice Against Trespass.**

41.    Paragraphs 1 through 40 are incorporated by reference as if set forth at length here.

42.    The Notice Against Trespass specifically prohibited Mr. Bates from "ENTERING UPON OR IN ANY LAND OR STRUCTURE OF PROPERTY BEING OWNED OR UNDER THE DIRECT CARE AND CONTROL OF TOWN OF CAVENDISH – INCLUDING BUT

NOT LIMITED TO TRANSFER STATION, TOWN OFFICE, HIGHWAY GARAGE" and informing Mr. Bates "ANY TRESPASSING IN VIOLATION OF THIS NOTICE IS A CRIME AND MAY SUBJECT YOU TO CRIMINAL PENALTIES PURSUANT TO TITLE 13 V.S.A. 3705." (SIC).

43.    The Notice did not contain any information as to why the Town of Cavendish had banned Mr. Bates from all of its property.

44.    The Notice did not include any instructions on how to contest the prohibition and the content of the Notice.

45.    To Mr. Bates' knowledge, no other individual in the Town of Cavendish has received such a notice.

46.  By so sweepingly barring Mr. Bates from all public property the Town of Cavendish placed an overbroad restriction on Mr. Bate's ability to speak and associate with others and to vote, in violation of the Constitutions of the United States and the State of Vermont.

**B.    Mr. Bates was provided no opportunity to be heard to contest the Trespass Notice or the Prohibition on entering Town property.**

47.  Paragraphs 1 through 46 are incorporated by reference as if set forth at length here.

48.    There is no mention anywhere on the Notice (Exhibit A attached) stating how Mr. Bates could challenge the threat of criminal penalties if Mr. Bates was on Town of Cavendish property.

49.    The Notice Against Trespass having been sent after Mr. Bates complained to the Town Manager of the actions of the Town employees, there was no known recourse available to Mr. Bates to challenge the prohibition from Town property.

**C.    The Town of Cavendish has no policies or procedures for issuing, challenging or tracking trespass notices issued for Town property.**

50.    Paragraphs 1 through 49 are incorporated by reference as if set forth at length here.

51.    Upon information and belief, there has never been a policy adopted by the Town of Cavendish establishing procedures for issuing, challenging, or tracking trespass notices issued for public property.

52.    Nor does the Town of Cavendish have any procedure for recipients of trespass notices for public property to challenge that notice.

**D.    Mr. Bates was, and continues to be harmed by his prohibition from entering on or in any land or structure of the Town of Cavendish.**

53.    Paragraphs 1 through 52 are incorporated by reference as if set forth at length here.

54.    As a result of being prohibited under threat of criminal penalties from entering upon or in any land or structure of the Town of Cavendish, Mr. Bates has been prohibited from assembling with others at the Cavendish Town Transfer Station, a traditional public forum, to engage in protected free speech, and assembly, and joining in petitions for redress against the government, and voting at town wide elections, and has suffered substantial anguish and inconvenience by being isolated from his long-established friendships and acquaintances, and with other members of the public at the Cavendish Transfer Station, and voting places, and Mr. Bates continues to suffer from the fear of future reprisal in the event he does appear on Cavendish owned property, including being arrested and suffer "CRIMINAL PENALTIES".

55.    As a result of Mr. Bates being barred from public property, Mrs. Bates has had to suffer the additional burden of undertaking household chores which traditionally Mr. Bates performed prior to his prohibition from Cavendish owned property.

## SPECIFIC CAUSES OF ACTION RELATED TO CONSTITUTIONL DEPRIVATIONS

**Count 7 – 42 U.S.C. § 1983 - The First Amendment and Article 13 of the Vermont Constitution – Violation of Mr. Bates' Freedom to Enter Traditional Public Fora**

56.    Paragraphs 1 through 55 are incorporated by reference as if set forth at length here.

57.    Recycling centers and transfer stations along with town halls have long been recognized as traditional public fora where individuals gather, converse, exchange ideas, sign petitions seeking governmental redress or placement on ballots for elections, campaign, and otherwise participate in their community.

58.    The Town of Cavendish's prohibition excluding Mr. Bates from entering any Town property, including specifically the Transfer Station, Town office and highway garage, specifically excluded and prohibited Mr. Bates from participating in First Amendment protected activities.

59.    The exclusion of Mr. Bates from these properties as instituted through the Notice Against Trespass, violated Mr. Bates' rights to access public fora under the First Amendment and Articles Thirteen of the Vermont Constitution.

**Count 8 – 42 U.S.C. § 1983 and First Amendment and Article Thirteen of the Vermont Constitution, Chapter 1, Articles 6, 7, 8, 13 and 20 of the Vermont Constitution – Violation of Mr. Bates' Freedom of Speech, Voting and Assembly**

60.    Paragraphs 1 through 59 are incorporated by reference as if set forth at length here.

61.    The Town of Cavendish prohibiting Mr. Bates from entering upon or in Town property as carried out through the issuance of the Notice Against Trespass prevented Mr. Bates from entering all municipal property.

62.    The Notice Against Trespass was overly broad, not narrowly tailored.

53.    By so sweepingly barring Mr. Bates from all public property, the Town of Cavendish placed an overbroad restriction on Mr. Bates' ability to speak and associate with others and vote, in violation of the First Amendment of the United States Constitution and Article 6, 7, 8, 13 and 20 of the Vermont Constitution.

**Count 9 – 42 U.S.C. § 1983 - The Due Process Clause of the Fourteenth Amendment and Article 4 of the Vermont Constitution – Violation of Mr. Bates' right to receive due process to challenge the prohibition upon entering in or upon Town property.**

64.    Paragraphs 1 through 57 are incorporated by reference as if set forth at length here.

65.    This claim is brought against the Town of Cavendish under 24 V.S.A. § 901a and directly for its legally deficient custom and practice.

66.    The Town of Cavendish has no written criteria for issuing trespass notices for public property, or for prohibiting members of the public from going upon public property.

67.    The Notice Against Trespass issued to Mr. Bates contains no information as to why the notice was issued.

68.    There is no known procedure readily available to Mr. Bates, or any recipient for the Notice Against Trespass to challenge the issuance of such trespass notice.

69.    By prohibiting Mr. Bates from entering into public property in the format as set forth in the Notice Against Trespass, the Town of Cavendish has created a high risk of erroneous

deprivation of rights, and by issuing the notice, it deprived Mr. Bates of his rights without notice

or a  meaningful opportunity to be heard, the Town of Cavendish violated the due process clause

of the Fourteenth Amendment and Article 4 of the Vermont Constitution.

70.    Because Mr. Bates received the trespass notice, apparently to protect the Town of

Cavendish financial interest in avoiding Mr. Bates' claims for personal injury damages at the hands

of the Town of Cavendish's employees and agents, Mr. Bates is at risk of arbitrarily receiving

additional such prohibitions and notices.

**Count 10 – 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment
Violation of Mr. Bates' Fundamental Right to Access Public Fora**

71.    Paragraphs 1 through 70 are incorporated by reference as if set forth at length here.

72.    Mr. Bates has a Constitutionally protected liberty interest in traveling through and

being present in public fora under the Fourteenth Amendment of the United States Constitution.

73.    Any interest the Town of Cavendish may have in protecting Town employees from

alleged harassment does not justify banning Mr. Bates from all public property.

74.    The Town of Cavendish's decision to deny Mr. Bates access to its property,

otherwise open to the public, violated Mr. Bates' substantive due process rights under the

Fourteenth Amendment.

**Count 11 – 42 U.S.C. § 1983 - The Equal Protection Clauses of the Fourteenth Amendment
Violation of Mr. Bates' Right to be Free from Discrimination**

75.    Paragraphs 1 through 74 are incorporated by reference as if set forth at length here.

76.    The Town of Cavendish's decision to prohibit Mr. Bates from going upon or in any public property or building by intentionally issuing a trespass notice against Mr. Bates was not based upon a legitimate government policy.

77.    Instead, Mr. Bates was singled out for mistreatment due to the Town of Cavendish's intention to protect its financial interests against a claim by Mr. Bates for his personal injuries.

78.    This intentional and arbitrary discrimination violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

**Count 12 – Article 7 of the Vermont Constitution violation of Mr. Bates' right not to be deprived of a common benefit**

79.    Paragraphs 1 through 78 are incorporated by reference as if set forth at length here.

80.    By denying Mr. Bates access to public property, the Town of Cavendish denied Mr. Bates a common benefit.

81.    Other individuals who converse with and complaint to the Town Manager or Town employees are not denied access to all Town of Cavendish property.

82.    This disparate and arbitrary treatment was driven by the ill will and reckless disregard of Mr. Bate's rights by municipal employees, and to protect the Town of Cavendish from having to compensate the victim of its wrongdoing, at Mr. Bates' expense, and violated the Common Benefits clause of the Vermont Constitution.

<u>PRAYER FOR RELIEF</u>

A.    Ronald E. Bates seeks compensatory damages for his personal injuries, and violation and deprivation of his Constitutional rights.

B.      Sue A. Bates seeks compensation for her consortium-type damages suffered due to the injuries suffered by Ronald Bates.

C.      Ronald E. Bates and Sue A. Bates seek an award of their reasonable costs and attorney's fees and any further relief to which Ronald Bates and Susan Bates may be entitled.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, Ronald E. Bates and Sue A.  Bates, demand a Trial by Jury on all issues.

Dated at Springfield, Vermont this 4th day of  July, 2023.

RONALD E. BATES AND SUSAN A. BATES

By: _____
    Stephen S. Ankuda, Esq.
    Parker & Ankuda, P.C.
    P.O. Box 519
    Springfield, VT 05156
    802-885-2582
    Email:  parkerankuda@vermontel.net

\\SERVER\Company\Anne\PERSONAL INJURY\BATES, RONALD & SUSAN (070523\Complaint.Docx